IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOWELL QUINCY GREEN          §
(TDCJ No. 518622),           §
                             §
            Plaintiff,       §
                             §
V.                           §          No. 3:18-cv-3309-B-BN
                             §
LORIE DAVIS, ET AL.,         §
                             §
            Defendants.      §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This *pro se* civil rights action filed by a Texas prisoner has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Lowell Quincy Green pays the full filing fee of $400.00.

### Applicable Background

Green brings this action against the Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, state prosecutors and judges, and others, asserting that his rights as protected by the Thirteen and Fourteen Amendments have been violated. *See* Dkt. No. 2. Regardless of the merits of his claims, if any,

> Green's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing [an] action [in another Texas federal district court earlier this year], he had at least five suits dismissed as frivolous. *Green v. State of Tex., et al.*, Civil Action Number 6:17-092 (W.D. Tex.) (dismissed as frivolous on May 18, 2017); *Green v. State of Tex. Gov't, et al.*, Civil Action Number 6:16-424 (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Davis, et al.*, Civil Action Number 6:16-419-RP (W.D. Tex.) (dismissed as frivolous on February 13, 2017); *Green v. Heaton, et al.*, Civil Action Number 7:16-00014-0 (N.D. Tex.) (dismissed as frivolous on February 24, 2016); and *Green v. William Stephens, et al.*, Civil Action Number 4:15-3257 (S.D. Tex.) (dismissed as frivolous on November 5, 2015).

*Green v. White*, Civ. A. No. H-18-2460, 2018 WL 3474469, at *1 (S.D. Tex. July 19, 2018); *see also Green v. Tex. Gov't*, 704 F. App'x 386 (5th Cir. 2017) (per curiam) ("Green's appeal is without arguable merit and is dismissed as frivolous. The dismissal of this appeal as frivolous and the district court's dismissal of Green's complaint as frivolous and for failure to state a claim[ – counted above – ]each count as a strike for purposes of 28 U.S.C. § 1915(g). Green is warned that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury." (citations omitted)).

## Legal Standards and Analysis

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he or she has filed three or more civil actions or appeals in federal court that were dismissed as frivolous or malicious or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

The only exception to 28 U.S.C. § 1915(g)'s "three strikes" bar is when the

prisoner is "under imminent danger of serious physical injury." *Id.* But, in order to meet the "imminent danger" requirement of Section 1915(g), "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush,* No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't,* 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

"Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury." *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.,* No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (a "general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury"); *see also Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam) (noting that use of "the past tense when describing" symptoms is not sufficient to allege

-3-

imminent danger and that such an allegation based on inadequate medical care should be corroborated by medical records or grievances); *Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citing *Emmett v. Julye*, No. H-13-2693, 2013 WL 5537251, at *2 (S.D. Tex. Oct. 4, 2013) (in turn citing *Pettus v. Morgenthau*, 554 F.3d 293, 297-98 (2d Cir. 2009) ("the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)"))), *aff'd*, 571 F. App'x 352, 354 (5th Cir. 2014) (per curiam).

Green's current filing falls under the three-strikes provision. As such, under Section 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But the complaint lacks substantive factual allegations – that are also not fanciful, fantastic, or delusional – to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

The Court should therefore bar Green from proceeding *in forma pauperis*. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996).

## Recommendation

The Court should summarily dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the time for filing objections to this recommendation or by some other deadline established by the Court, Plaintiff Lowell Quincy Green pays the full filing fee of $400.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 18, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE